UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RANDOLPH S. KOCH,                   )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 12-1934 (PLF)
                                    )
MARY JO WHITE, Chair,               )
Securities and Exchange             )
Commission                          )
                                    )
            Defendant.[1]           )
_____ )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's motion to dismiss the plaintiff's complaint or, in the alternative, for summary judgment. See Def.'s Mot., Dkt. No. 7 (June 17, 2013). The plaintiff, Randolph S. Koch, has filed a complaint against his former employer, the Securities and Exchange Commission, alleging claims for failure to accommodate his purported disabilities, as well as for discrimination and retaliation on various grounds. See generally Compl., Dkt. No. 1 (filed Nov. 29, 2012, served on Mar. 28, 2013). The government, in its motion and accompanying statement of material facts, initially construed Mr. Koch's complaint as relating to a 2011 SEC administrative complaint process that, according to the government, had not been properly exhausted by the plaintiff. See generally Def.'s Mot. Accordingly, the government sought dismissal based on Mr. Koch's alleged failure to exhaust his administrative remedies.

---

[1] The Court has substituted Chair Mary Jo White in place of former Chair Mary L. Schapiro pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Over the next several months, Mr. Koch filed a series of motions for extensions of time in which to respond to the government's motion. Finally, on February 28, 2014, he filed an opposition asserting that the government had incorrectly identified the administrative complaint associated with this civil action. See Pl.'s Opp. 1-3, Dkt. No. 16 (Feb. 28, 2014). The government, in its reply, concedes that if Mr. Koch's complaint in fact corresponds to the particular administrative complaint referenced in his opposition, then this action would not be barred. See Def.'s Reply 1-2, Dkt. No. 18 (Mar. 18, 2014). As a consequence, the government suggests that the Court dismiss the plaintiff's complaint with leave to re-file, so that Mr. Koch can file an amended complaint that is more clearly focused on the particular events underlying this specific administrative complaint. See id. at 2-3.

The Court construes the government's request as a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 12(e); see also 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1376, at 309 (3d ed. 2004) (noting that when a "pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated"). Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). In general, however, "courts are reluctant to compel a more definite statement pursuant to Rule 12(e) out of fear that such action will become a substitute for discovery." Potts v. Howard Univ., 269 F.R.D. 40, 42 (D.D.C. 2010).

This case presents circumstances where the application of Rule 12(e) is appropriate. The defendant *did* respond to the plaintiff's complaint by moving to dismiss it;

2

upon further briefing, however, it became apparent that the government had misunderstood the nature of the plaintiff's claims, and that now, with some clarification, the government concedes that it can no longer raise its exhaustion defense. But the government cannot be faulted for its inability to discern the plaintiff's allegations with accuracy, as Mr. Koch has filed fourteen separate *pro se* civil complaints over the past thirteen years in this Court, all stemming from the same general set of facts surrounding his employment at the SEC and all requesting similar relief. Accordingly, although the defendant's understanding that a more definite statement was required did not arise until after it had received and reviewed Mr. Koch's opposition, the Court concludes that affording Mr. Koch the opportunity to file an amended complaint that more precisely explicates his factual allegations and legal claims will benefit both the parties and the Court. See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 984 (11th Cir. 2008) (approving practice of district court's *sua sponte* striking a plaintiff's complaint and defendant's answer and instructing plaintiff to file a more definite statement to promote fairness and judicial economy) (citing Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 & n.5 (11th Cir. 1996)).

Accordingly, for the foregoing reasons, it is hereby

ORDERED that plaintiff's complaint [Dkt. No. 1] is STRICKEN from the record; it is

FURTHER ORDERED that defendant's motion to dismiss or for summary judgment [Dkt. No. 7] is DENIED as moot; and it is

FURTHER ORDERED that on or before May 30, 2014, plaintiff shall file his amended complaint. Such complaint shall include a short and plain statement of claim that shows that he is entitled to relief and that distinguishes plaintiff's claims from those that he has

3

brought in related actions.  In addition, plaintiff shall clarify precisely to which administrative complaint this action corresponds, providing the administrative claim number and the history of the proceeding of that particular claim (and only that claim) at the SEC and the EEOC.  The Court also encourages Mr. Koch to avoid extraneous and otherwise unrelated information in order to avoid confusion with prior litigation.

       SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 31, 2014